UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PENSON FINANCIAL SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-CV-300-B |
| GOLDEN SUMMIT INVESTORS GROUP, LTD.; SOUTHCOM MANAGEMENT, LLC; EXTREME CAPITAL, LTD.; GEISCO FNF, LLC; MARY-RUTH, LLC, FINANCIAL SERVICES GROUP, LLC; BET-J CAPITAL, LLC; PROGRESSIVE DEVELOPMENT ASSOCIATES, LLC; HIGHLAND INVESTMENT PARTNERS, LLC; AISHWARIYA ENTERPRISES, INC.; C4 WORLDWIDE, INC.; HELI-OPS INTERNATIONAL, LLC, | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants SouthCom Management, LLC; Geisco FNF, LLC; and Aishwariya Enterprises, Inc.'s (collectively "SouthCom Defendants") Motion to Remand and Brief in Support ("Motion") (doc. 24). For the following reasons, the Court **GRANTS** the SouthCom Defendants' Motion and **REMANDS** this case to the 192nd Judicial District Court of Dallas County, Texas.

I.

BACKGROUND

The issue before the Court arises in the context of this interpleader action seeking the resolution of competing claims regarding positions in two specific Collateralized Mortgage Obligations ("CMOs"). Plaintiff Penson Financial Services, Inc. ("Plaintiff" or "Penson Financial") provides a variety of services to members of the financial services industry. Pl.'s Pet. ¶ 1. Viewpoint Securities, LLC ("Viewpoint Securities"), as broker for Defendant Golden Summit Investors Group, Ltd. ("Golden Summit"), established multiple accounts with Penson Financial on behalf of Golden Summit and Golden Summit's investors. *Id.* at ¶ 16. The activities on those accounts included the purchase and transfer of positions in a number of CMOs. *Id.*

Beginning in July 20, 2011, Golden Summit's investors, including BET-J Capital LLC ("BET-J Capital"), asserted competing claims of ownership to positions in the two CMOs currently the subject matter of this dispute. *Id.* at ¶ 18. As a result of these competing claims and other inconsistent information provided by Viewpoint Securities and Golden Summit, Penson Financial investigated the activities on accounts related to Viewpoint Securities and Golden Summit. *Id.* at ¶ 25. According to Penson Financial, upon investigation, it discovered "numerous transfers of CMO positions, which were shuffled between several investor accounts apparently leading multiple investors to incorrectly believe they each owned the same CMO position." *Id.*

As of filing suit, Penson Financial was aware that multiple investors have claimed the same ownership positions in two CMOs. *Id.* at ¶ 26. Specifically, Defendants BET-J Capital; Heli-Ops International, LLC ("Heli-Ops"); and Mary-Ruth, LLC ("Mary-Ruth") have claimed the position in CMO CUSIP number 36246LAP6. *Id.* at ¶ 34. In addition, Defendants BET-J and Financial

Services Group, LLC ("FSG") have claimed the position in CMO CUSIP number 462264AA0. *Id.* at ¶ 35. Penson Financial acknowledges that other entities that either invested in, or were involved in the Golden Summit CMO investment programs—including Defendants Highland Investment Partners, LLC ("Highland"); Progressive Development, LLC ("Progressive Development"); Golden Summit; Extreme Capital, Ltd. ("Extreme Capital"); SouthCom Management, LLC ("SouthCom"); GEISCO FNF, LLC ("GEISCO"); Aishwariya Enterprises, Inc. ("Aishwariya"); and C4 Worldwide, Inc. ("C4 Worldwide")—may also have competing claims to the positions in the CMOs. *Id.* at ¶ 27.

On January 6, 2012, in an attempt to resolve current and anticipated claims to the aforementioned positions in the two CMOs, Penson Financial filed this interpleader action in the 192nd District Court of Dallas County, Texas. Six of the twelve named defendants were served on January 10, 2012, including: Aishwariya, BET-J Capital, C-4 Worldwide, FSG, Highland, and Mary-Ruth. *See* Notice of Removal. Three defendants were served on January 11, 2012, including: GEISCO, Heli-Ops, and SouthCom. *See Id.* Progressive Development was served on January 12, 2012. *See* Aff. of Service, ECF No. 32. Golden Summit and Extreme Capital were served on March 6, 2012. *See* Mot. for Ext. of Time, ECF No. 37.

On January 30, 2012, Highland removed this case to this Court. On February 9, 2012, Defendant C-4 Worldwide filed a written Consent to Removal (doc. 15). On February 23, 2012, Defendants Aishwariya, GEISCO, and SouthCom (collectively "SouthCom Defendants") filed the present Motion to Remand. On May 4, 2012 the Court ordered additional briefing on the SouthCom Defendants' Motion to Remand. The Motion to Remand is now ripe for consideration.

## II.

## LEGAL STANDARD

A defendant may remove any civil action brought in state court to the federal district court embracing the place where such action is pending if the case could have originally been filed in federal court. 28 U.S.C.A. § 1441(a). District courts are granted original jurisdiction over a variety of civil actions, including those between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332. District courts are also granted original jurisdiction over any civil action of interpleader involving two or more adverse claimants of diverse citizenship where the money or property at issue is valued at $500 or more. 28 U.S.C.A. § 1335. But, "[a]s 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (citations omitted)). Therefore, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The procedure for removing a case to federal district court is governed by 28 U.S.C. § 1446. In December 2011, Section 1446 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"). Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760–61 (Dec. 7, 2011).[1] The amended version of Section 1446 requires in part that "[w]hen a civil action is removed

---

[1] The Court notes that although the JVCA was enacted on December 7, 2011, its provisions did not go into effect until January 6, 2012. *See* § 105, 125 Stat. at 762 ("[T]he amendments made by this title shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act, and shall apply to any action or prosecution commenced on or after such effective date. . . .

solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Procedure after removal of a case from state to federal court is governed by 28 U.S.C. §§ 1447–1450 and Federal Rule of Civil Procedure 81(c). 14C Charles Alan Wright, et al. *Federal Practice and Procedure* § 3738 (4th ed. 2009). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C.A. § 1447(c). Defects in the removal process other than lack of subject matter jurisdiction may include procedural defects such as a failure to join or obtain consent to the removal from the other properly joined and served defendants, in accordance with § 1446(b)(2)(A). *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992) (noting—under the pre-JVCA version of § 1446—that "removal procedure requires that all defendants join in the removal petition"); *see generally* 29A Karl Oakes, *Federal Procedure, Lawyers Edition* § 69:118 (2012) (providing examples of procedural defects in removal procedure). Such procedural defects, however, may be waived by the nonremoving party. *See Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 (5th Cir. 1981) ("[A] party who delays in seeking a remand, or otherwise participates in the proceedings in the district court, also may be precluded from objecting to a defendant's untimely consent to a defective removal petition.").

---

[A]n action . . . commenced in State court and removed to Federal court shall be deemed to commence on the date the action . . . was commenced, within the meaning of State law, in State court."). As Plaintiff initially filed its suit in interpleader in state court on January 6, 2012, the controversy between these seemingly star cross'd parties is subject to the recent amendments to the removal statute.

III.

ANALYSIS

In their Motion, the SouthCom Defendants seek to remand this action to state court on the basis that not all defendants consented or joined in the removal and a timely motion to remand has been filed.[2] In support, the SouthCom Defendants argue § 1446, as amended by the JVCA, codifies the "rule of unanimity" and therefore requires all defendants to consent to removal in order for removal to be proper. M. to Remand 5; Southcom Defs.' Reply 3. The SouthCom Defendants note that prior to their Motion to Remand, only Defendant C-4 Worldwide consented to the removal. The SouthCom Defendants also note that their Motion to Remand was timely filed on February 23, 2012 following the January 30, 2012 notice of removal—in accordance with the 30-day time period imposed by § 1447(c).

Defendants Golden Summit, Extreme Capital, Mary-Ruth, Highland, and Plaintiff Penson Financial (collectively "the Golden Summit Parties") respond that remand should be denied because the unanimity requirement found in § 1446 is inapplicable in this case, because this case was not removed solely under 28 U.S.C. § 1441(a). Golden Summit's Br. 5. Furthermore, the Golden Summit Parties assert that even if § 1446(b)(2)(A) were implicated in this case, unanimous consent is not required because the Defendants are nominal parties. Def. Mary-Ruth's Mem. 2.

A.  *Section 1446*

In any statutory analysis, a court must first examine the plain language of the statute in

---

[2] Following the Court's Order directing additional briefing on the Motion to Remand, Defendant Heli-Ops joined the SouthCom Defendants in seeking remand of this case (doc. 73). For the sake of simplicity, the Court will refer to all parties seeking remand of this action as "the SouthCom Defendants."

question. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). The amended version of § 1446, applicable in this case, states in relevant part that:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C.A. § 1446(b)(2)(A). By its plain terms, § 1446(b)(2)(A) requires consent to removal only for those actions removed *solely* under § 1441(a). Section 1441(a) provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). When the two statutes are read together, it becomes clear that when a civil action is removed from state court, and the basis for that removal is entirely predicated upon the district court's original jurisdiction over the action, all properly served defendants must consent to the removal.

Here, Highland based removal of this action on the district court's original jurisdiction over diversity actions and suits in interpleader. *See* 28 U.S.C.A. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States . . . ."); 28 U.S.C.A. § 1335(a) ("The district courts shall have original jurisdiction of any civil action of interpleader . . . ."). Therefore, because removal was based solely on grounds pursuant to § 1441, all defendants who were properly served at the time of removal—that is, all the defendants except Golden Summit and Extreme Capital—were required to consent or join in the removal. Out of the ten defendants who had been properly joined and served prior to the January 30, 2012 notice of removal, only C-4 Worldwide consented to the removal. Accordingly, the removal procedure in this case was defective.

The Golden Summit Parties urge the Court to conclude that consent to removal was not required in this case and to adopt their theory that any removal based on diversity of citizenship cannot be a removal based *solely* on § 1441(a). Golden Summit's Br. 1. The Golden Summit Parties argue that any removal based on diversity of citizenship also necessitates compliance with § 1441(b) and therefore cannot be removed solely under § 1441(a). *Id.* at 4.

The Court finds the Golden Summit Parties' strained reading of the removal statutes unconvincing. Section 1441(b) provides as follows:

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441(b). Essentially, § 1441(b) places two *limitations* on the removal of diversity actions as opposed to a being mechanism for expanding removal jurisdiction in diversity cases. First, it directs the courts not to consider the citizenship of defendants sued under fictitious names for purposes of diversity jurisdiction. Second, it prevents the removal of an action where a properly joined and served defendant is a citizen of the forum state. It does not, however, provide the authority for removal of any category of cases—that function is performed by § 1441(a). Importantly, it is that "language of the specific statutory authority for removal [that] is the controlling factor in determining whether a defendant must obtain the consent of co-defendants." *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992). It logically follows from the statutory language of § 1446(b)(2)(A) that when Congress expressed that the consent requirement shall apply to civil actions "removed solely under section 1441(a)" it sought to include only those categories of cases where removal was

authorized by § 1441(a) and exclude cases where removal was authorized by other removal statutes. *See, e.g.* 12 U.S.C. § 1819(b)(2)(B) (authorizing removal by the FDIC); 28 U.S.C. § 1441(d) (authorizing removal for civil actions against foreign states); 28 U.S.C. § 1442 (authorizing removal for civil actions or criminal prosecutions against federal officers); 28 U.S.C. § 2679(d) (authorizing removal for civil tort actions against federal employees). Congress did not seek to exclude from the consent requirement civil actions removed solely under the authority found in 1441(a) but also "implicated" by other statutes. Such a reading would effectively render meaningless any application of § 1446(b)(2)(A) as removal of any action would implicate compliance with other purely procedural or limiting provisions.

This result is also supported by the legislative history surrounding § 1446(b)(2)(A). In enacting the JVCA, Congress noted:

> New subparagraph (b)(2)(A) codifies the well-established "rule of unanimity" for cases involving multiple defendants. Under that rule, which is generally traced to the Supreme Court decision in *Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 251 (1900), all defendants who have been properly joined and served must join in or consent to removal. Like current law, the new provision is limited to cases removed solely under section 1441(a); it has no application to other statutes under which removal is authorized.

H.R. Rep. No. 112-10, at 13 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580, 2011 WL 484052. Prior to the JVCA, courts applied the "rule of unanimity" in the diversity and interpleader contexts and noted that failure to comply deemed the defendants' removal defective, absent exceptional circumstances. *See, e.g. Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988); *Fed. Ins. Co. v. Tyco Int'l, Ltd.*, 422 F.Supp.2d 357, 392 n.22 (S.D.N.Y. 2006). This rule required there to be a "timely filed written indication from each served defendant . . . that it has actually consented [to the removal]." *Getty Oil*, 841 F.2d at 1262 n.11. The Court's reading of the amended removal statute

squares with Congress's desire to merely codify the pre-existing "rule of unanimity" for removal cases authorized solely by § 1441(a).[3]

  B.  *Exceptions to the "Rule of Unanimity"*

The Golden Summit Parties maintain that even if § 1446(b)(2)(A) ordinarily would require consent to remove of all defendants, that requirement does not apply in this case because the defendants are "nominal parties."

Prior to the JVCA, this Court recognized three common exceptions to the "rule of unanimity" for effecting removal: (1) where the defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal, unnecessary or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Hayden v. Allstate Texas Lloyds*, No. H-10-646, 2011 WL 240388, at *5 (S.D. Tex. Jan. 20, 2011) (footnotes omitted). Subsection 1446(b)(2)(A) may effectively eliminate the need for the first exception, as consent is only required of those "defendants who have been properly joined *and served*," but the parties have not argued this exception and it does not appear applicable in this case. 28 U.S.C.A. § 1446(b)(2)(A) (emphasis added). The remaining two exceptions were not incorporated into the amended version of § 1446(b). Given Congress's intent to merely codify current law regarding the "rule of unanimity" and this Court's inherent equitable powers, this Court sees no reason to now disregard the remaining two exceptions if appropriate circumstances should

---

[3] The Court notes that the JVCA in amending § 1446 did make some changes to pre-existing law—namely codifying the "last-served" rule in § 1446(b)(2)(C) for determining the timing for when multiple defendants who were served at different times may remove. *See Silli v. Meininger*, No. 12-cv-00289-LTB-CBS, 2012 WL 1015803, at *2–3 (D. Colo. March 23, 2012). That provision, however, is not at issue in this case.

arise that would warrant their consideration. *See Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (noting that with regard to possible exceptions to the rule of unanimity "it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis"); H.R. Rep. No. 112-10.

The Golden Summit Parties argue the non-consenting defendants in this case are nominal parties because Penson Financial is merely a disinterested stakeholder and has no cause of action against the defendants. Def. Mary-Ruth's Mem. 2. The Golden Summit parties are correct in noting:

> The principle of interpleader is that, where two persons are engaged in a dispute, and that which is to be the fruit of the dispute is in the hands of a third party, who is willing to give it up according to the result of the dispute, then, . . . that third person . . . is not to be obliged to be at the expense and risk of defending an action; but, on giving up the thing . . . , *he is to be relieved, and the Court directs that the persons between whom the dispute really exists shall fight it out at their own expense.*

Def. Mary-Ruth's Mem. 2–3 (quoting *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006)). This basic principle of interpleader, however, does not mean Defendants are nominal parties. "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). While the Court could technically enter a judgment equally dividing the positions in the two CMOs at issue in this case among Highland and the only defendant to consent to removal, C-4 Worldwide, such an outcome clearly would not be consistent with equity and good conscience when there are ten other defendants who may also have a claim to those same positions. This case simply does not present the kind of circumstances where

the interpleader defendants may be considered nominal parties or may be otherwise disregarded for purposes of consenting or joining in the removal of this case. *See, e.g. Law Firm of Cisneros & Schendzielos v. Greenwood Capital Holdings, Inc.*, No. 08-cv-01928-RPM, 2008 WL 4682045 (D. Colo. Oct. 21, 2008) (finding interpleader defendants adverse and consent therefore unnecessary because of cross claims that were beyond the scope of the interpleader action); *Blue Mako, Inc. v. Minidis*, 472 F.Supp.2d 690 (M.D.N.C. 2007) (finding interpleader defendants nominal parties because of the tenuous and ephemeral nature of the interpleader action and defendants insufficient connection with the underlying suit).

In this case, Defendant Highland removed this action without first joining or gaining consent from the other properly joined and served defendants in compliance with § 1446(b)(2)(A), rendering the removal procedurally defective. The SouthCom Defendants timely filed a motion to remand and the Golden Summit Parties have failed to put forth a convincing justification for why the unanimous consent requirement of § 1446(b)(2)(A) should not be applicable in this case. Accordingly, the Court finds this case should be **REMANDED**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the SouthCom Defendants' Motion to Remand. Accordingly, this case is **REMANDED** to the 192nd Judicial District Court of Dallas County, Texas for further proceedings.

SO ORDERED.

Signed July 5th, 2012

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE